## Anna Selinski, Appellee, v. John E. Holland, Appellant.

### Gen. No. 18,988. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed April 23, 1914. Rehearing denied May 7, 1914.

### Statement of the Case.

Action by Anna Selinski against John E. Holland to recover damages for personal injuries alleged to have been received by plaintiff in a collision with defendant's automobile at or near the intersection of Washington boulevard and Kedzie avenue in Chicago. The jury returned a verdict finding defendant guilty and assessing plaintiff's damages at six hundred dollars. From a judgment entered upon the verdict, defendant appeals.

JOHN A. BLOOMINGSTON, for appellant.

VINCENT G. GALLAGHER and ERNEST MESSNER, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when finding as to contributory negligence of pedestrian not sustained by the evidence.* In an action for injuries received by plaintiff in a collision with defendant's automobile at a street intersection, *held* that a finding of the jury that plaintiff was not guilty of contributory negligence was contrary to the manifest weight of the evidence, and that the trial court erred in not granting defendant a new trial.

2. APPEAL AND ERROR, § 1810*—*when Appellate Court will not reverse with a finding of facts.* Appellate Court will not reverse a judgment with a finding of facts where it is not clear to the

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

court that there can be no recovery in the case which it would permit to stand, and it could not say a recovery would be merely a perversion of justice.

William L. O'Connell et al., Defendants in Error, v. Catherine S. Fay et al., Plaintiffs in Error.

Gen. No. 19,146.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed April 23, 1914. Rehearing denied May 7, 1914.

## Statement of the Case.

Bill of interpleader by John R. Thompson, county treasurer of Cook county, making Nicholas Streit, Frederick H. Streit, Adam Streit, Adam J. Kasper, Catherine S. Fay, Thomas Fay, John Esten Cooke, H. Brent Cooke, John Esten Cooke, Jr., Elizabeth B. Cooke, Pauline M. Cooke, H. Brent Cooke, Jr., Sallie W. Cooke, Lydia W. Cooke Wickliffe and City of Chicago parties to the proceeding to determine the ownership of a certain fund in the hands of the county treasurer. The fund in question arose out of a condemnation proceeding instituted by the South Park Commissioners to condemn two lots in a certain part of Chicago, in which the jury awarded a verdict fixing the value of the lots at $3,226.25, and the value of the improvements on the lots at $2,690. The Park Commissioners paid the total award into the hands of the county treasurer of Cook county, and upon a dispute arising as to the ownership of the fund the bill was filed. Subsequently, William L. O'Connell became successor of John R. Thompson to the office of county